UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY SHRONE PERSON,<br><br>               Plaintiff,<br><br>   v.<br><br>RAMONA M. JONES, *et al*.,<br><br>               Defendants. | Case No. C23-5755-DGE-MLP<br><br>REPORT AND RECOMMENDATION |

Plaintiff Anthony Person is currently in the custody of the Washington Department of Corrections and is confined at the Coyote Ridge Corrections Center in Connell, Washington. On August 15, 2023, Plaintiff filed in the United States District Court for the Central District of Illinois a document entitled "Motion: Criminal Proceedings Application For Arrest/Summons Pursuant to Rule 3 and 4 Judicial Notice Fed. P. Crim. § 603.2." (*See* dkt. # 1.) Plaintiff indicated therein that he was seeking to commence criminal proceedings against six individuals whom he believed to be responsible for his conviction on allegedly fraudulent sexual abuse claims in Mason County Superior Court Case No. 20-1-00147-23. (*See id*.) The six named Defendants include Plaintiff's former wife, three of Plaintiff's children, a Shelton Police Department detective, and a Mason County deputy prosecutor. (*See id*. at 1, 6-8.)

REPORT AND RECOMMENDATION - 1

Plaintiff submitted with his pleading a motion seeking to compel the State of Washington to provide "discovery material" relating to his Mason County criminal case. (Dkt. # 2.) On August 22, 2023, the Central District of Illinois transferred the case to this district. (Dkt. # 3.) Plaintiff thereafter filed in this Court an application for leave to proceed with this action *in forma pauperis* (dkt. # 9), and a motion to compel evidence from various governmental entities (dkt. # 12).

Plaintiff has styled his pleading as a motion asking the Court to commence criminal proceedings against the named Defendants and as an application for their arrest. (*See* dkt. # 1.) However, Plaintiff lacks standing to compel the prosecution of other persons. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, to the extent Plaintiff asks this Court to authorize and commence criminal proceedings against Defendants, his pleading presents no cognizable claim for relief.

To the extent Plaintiff's pleading can reasonably be construed as presenting a challenge to the validity of his Mason County Superior Court convictions, the pleading likewise presents no cognizable claim for relief. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Plaintiff currently has a federal habeas action challenging his Mason County convictions pending in this Court. *See Person v. Andrewjeski*, C23-5434-BJR-TLF. Any attempt by Plaintiff to bring claims challenging his criminal convictions in this non-habeas civil action would be both redundant and premature. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A] claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the

REPORT AND RECOMMENDATION - 2

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). *Id*. at 489.

For the foregoing reasons, this Court recommends that Plaintiff's pleading (dkt. # 1) be dismissed with prejudice to the extent he asks this Court to commence criminal proceedings against Defendants, and without prejudice to the extent he may be attempting to challenge the validity of his convictions in this action. The Court also recommends that Plaintiff's motions to compel (dkt. ## 2, 12) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 10, 2023**.

DATED this 16th day of October, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3